**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
Urbana Division

| | |
|---|---|
| **RIPMAX, LTD.,** ) | |
|        **Plaintiff,** ) | |
| **v.** ) | |
| ) | Case No. 07-2133 |
| **HORIZON HOBBY, INC.,** ) | |
| ) | |
|        **Defendant.** ) | |

# O R D E R

On July 18, 2008, Defendant filed Defendant Horizon Hobby's Memorandum in Support of its Motion Pursuant to Fed. R. Civ. P. Rule 15(a) for Leave to File a First Amended Answer and Counterclaim (#66). It docketed the filing as a Motion for Leave to File Amended Answer and Counterclaim. Plaintiff cried foul pointing out that on September 12, 2007, the Court entered a Discovery Order (#48) which established September 18, 2007, as the deadline for amendment of pleadings. While acknowledging the Court's authority to modify previously established deadlines, Plaintiff argues vigorously that good cause for such a modification has not been shown and the cause of justice is not served by allowing the untimely amendment.

Over the years, this Court has consistently warned litigants that deadlines established in its discovery orders are not mere suggestions. Litigants are consistently warned that deadlines will not routinely be extended, even if the parties are in agreement (which they certainly are not in this case). Such an approach is reflected in the Court's local rules (*see* CDIL-LR 16.2(D)). More importantly, it is consistent with the Federal Rules of Civil Procedure (*see* FED. R. CIV. P. 15(a)(2) and 16(b)(4)). Nevertheless, as the rules make clear, the discovery orders are not carved in granite. The potential for modification is clearly contemplated. A court that would routinely deny requests to modify without consideration of the merits would be operating in rogue fashion. Accordingly, the Court will consider the justification proffered by Defendant, as well as the objections raised by Plaintiff.

The parties have thoroughly briefed the applicable law, reminding the Court that this is a matter left to its sound discretion.  In the exercise of that discretion, of course, the Court is guided by the rules noted above and the cases construing the same.

A court cannot give individualized attention to a motion without considering the context of the case in which it is brought.  Various memoranda filed in this case to date have included charges against opponents or opposing counsel of making blatant misrepresentations, engaging in deception, outright fabrication, and exceeding the boundaries of zealous advocacy.  To characterize the relationship as acrimonious would be an oversimplification.[1]

Defendant acknowledges that its motion comes well after the original deadline.  However, it asserts that the motion has been brought within a reasonable time of the development of all facts necessary to support the amendment.  In light of Rule 11 of the Federal Rules of Civil Procedure, one cannot simply include claims and defenses until the basis has been firmed up.  According to Defendant, it has taken a substantial amount of time to fully develop the facts through discovery, which has been conducted in the difficult environment referenced above.  According to Defendant, the facts were not confirmed at one point in time but were gradually uncovered over a period of time.  As stated by Defendant, "These additional elements were only revealed during the last several months, forming a mosaic or pattern of this conduct that is undeniably intentional."  (#66, p. 12).

Not surprisingly, Plaintiff disputes Defendant's claims.  It contends (without admitting that Defendant's assertions regarding its conduct are valid) that the basis for any additional claims or defenses was known to Defendant long before the motion in question was filed.  As a result, it asserts that the delay in seeking leave to amend is inexcusable.

---

[1] The parties and their attorneys are advised that this case is about to achieve a "special attention" status.  In such cases, the Court meets with lead counsel at its courthouse in Urbana, Illinois, on a weekly basis in order to monitor progress, resolve problems quickly, and attempt to keep the litigation from spinning further out of control.

The Court appreciates the cautious approach taken by Defendant. It further recognizes the difficult environment surrounding the discovery phase of this lawsuit. It is satisfied that Defendant has proceeded reasonably and is not guilty of trying to spring a trap on Plaintiff.

Accordingly, the Court will exercise its discretion in favor of granting the motion and allowing Defendant to file an amended answer and counterclaim. The Court is satisfied that granting this motion is consistent with FED. R. CIV. P. 15(a)(2) and 16(b)(4).

Defendant's motion **(#66)** is **GRANTED**. Defendant is directed to electronically file its first amended answer and counterclaim within seven days of the date of this Order.

ENTER this 23rd day of September, 2008.

                                                    s/ DAVID G. BERNTHAL
                                                    U.S. MAGISTRATE JUDGE