**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**Urbana Division**

| | |
|---|---|
| **RIPMAX, LTD.,** ) | |
|         **Plaintiff,** ) | |
| **v.** ) | |
| ) | **Case No. 07-2133** |
| **HORIZON HOBBY, INC.,** ) | |
| ) | |
|         **Defendant.** ) | |

# O R D E R

In March 2007, Plaintiff Ripmax Ltd. filed a Complaint for Infringement of Patent (#1) against Defendant Horizon Hobby, Inc. In August 2008, Defendant filed a Memorandum in Support of Its Motion To Compel and Order for the Sanction of an Adverse Inference (#75), which the Court will deem to be a motion to compel and motion for sanctions. In September 2008, Plaintiff filed a memorandum opposing the motion (#89).

Defendant's motion primarily argues that the Court should impose the sanction of a negative inference because Plaintiff has failed to satisfy its discovery obligations. In addition, Defendant asks the Court to compel Plaintiff to produce certain documents. After reviewing the motion and the parties' memoranda, this Court **DENIES** Defendant's motion to compel and motion for sanctions **(#75)**.

### I. Standard

When a party fails to fulfill its discovery obligation, the Court has discretion to impose sanctions under Rule 37 of the Federal Rules of Civil Procedures. *Langley v. Union Elec. Co.*, 107 F.3d 510, 514 (7th Cir. 1997).

### II. Discussion

Horizon argues that Ripmax has failed to satisfy its discovery obligations with regard to five documents or categories of documents, as follows: (1) documents held by Brookes Batchellor, a law firm; (2) internal memoranda, notes, and minutes taken at meetings about the '128 patent; (3) English translations of German language documents and related notes;

(4) documentation regarding certain "precursor projects"; and (5) notes from Ms. Shona Harper taken during her pre-deposition interview with Mr. Weitzel.  Regarding the first four categories, Horizon asks the Court for the sanction of a negative inference.  Horizon asks the Court to compel Ripmax to produce Ms. Harper's pre-deposition notes.

## A.  Motion For Sanctions

In general, Horizon argues that Ripmax has failed to comply with discovery rules in several ways, including failing to produce requested documents, failing to preserve documents, failing to make a reasonable effort to search for requested documents, and failing to institute a proper litigation hold.  Horizon reasons that (1) the documents at issue exist because Ripmax witnesses testified about them; (2) Ripmax has not produced the documents and the documents are not listed in the privilege log; and (3) Ripmax has not adequately explained its failure to produce them.  As a result, Horizon contends that the Court must conclude that the requested documents have been destroyed or improperly withheld and must impose sanctions.  Finally, Horizon contends that a negative inference is the proper sanction because the documents likely would have cast serious doubt on the validity of the '128 patent and would have led Horizon to discover Ripmax's wrongful conduct during the prosecution of the '128 patent during the early stages of the case.

Regarding specific document categories, Horizon first contends that Ripmax failed to adequately preserve the Brookes Batchellor documents and failed to produce them.  According to Horizon, Ripmax has told Horizon, and continues to assert, that it has already produced the Brookes Batchellor documents and that the documents are comingled with the rest of its production.  Nevertheless, according to Horizon, Ripmax has not been able to identify a single page that is purportedly a document from Brookes Batchellor.

Horizon next contends that Ripmax did not produce notes or English translations of relevant German prior art references.  Horizon relies on deposition testimony from Mr. Wright to support its argument regarding the existence of English translations.  Horizon states that when Mr. Wright received the German references, he obtained translations to English and immediately

communicated these translations to Mr. Weitzel, the Brookes Batchellor attorney responsible for prosecuting the U.S. patent application. Horizon notes that Ripmax denies the existence of these translations or any notes summarizing or explaining in English the content of the German language references.

Regarding the purported "precursor projects," Horizon contends that Ripmax has not produced a single documents regarding the three projects, designated here as "autopilot," "autotrim," and "receiver on a chip." According to Horizon, Ripmax first challenged the document requests on relevancy grounds and then claimed that no such documents exist. Horizon contends that facts uncovered during discovery show the latter statement is not true.

Ripmax denies any wrongdoing and contends that the record shows that it discharged its duty to preserve relevant documents and that no documents have been destroyed. Specifically, Ripmax states that it has produced the Brookes Batchellor documents and inserted them in its files before giving them to Horizon. Ripmax also states that it does not have any English translations of German documents, and it has produced any notes related to English translations of German prior art and any notes or minutes from meetings. With regard to documents related to the autotrim project, Ripmax has told Horizon that it will produce responsive nonprivileged documents to the extent they exist and are in Ripmax's possession. With regard to documents related to the receiver on a chip and autopilot projects, Ripmax has apparently found some documents and has told Horizon that it will produce responsive nonprivileged documents.

Regarding documents from Brookes Batchellor, Horizon's evidence and argument have failed to persuade the Court that Ripmax did not properly preserve or produce these documents.

The Court has also reviewed testimony regarding the minutes or other records of relevant meetings. Although the evidence provides some support for Horizon's contention that some individuals took notes during meetings, Horizon has not persuaded the Court that Ripmax currently has possession of documents that it is improperly withholding.

The Court noted above that Horizon relies on deposition testimony from Mr. Wright to support its argument regarding the existence of English translations. The Court has reviewed that testimony and finds that it does not support the existence of any written English translations. Horizon has provided no other evidence that establishes the existence of English translations or notes. As a result, Horizon has failed to persuade the Court of the existence of these documents.

Regarding Horizon's request for documents related to the autotrim, autopilot, and receiver on a chip projects, Ripmax has conceded that it has located documents and that it will produce responsive nonprivileged documents. The Court directs Ripmax to complete its response to requests for this evidence within seven days of this Order.

**B. Motion To Compel**

In addition to seeking sanctions for discovery violations, Defendant has asked the Court to compel Ripmax to produce notes from Ms. Shona Harper that she took during her pre-deposition interview with Mr. Weitzel.

Ms. Harper, an attorney with Denton Wilde Sapte, Ripmax's U.K. law firm, was present at Mr. Weitzel's deposition. At the deposition, Horizon's counsel questioned Mr. Weitzel about the pre-deposition discussion he had with Shona Harper. Horizon stated in its memorandum that "Ripmax waived privilege regarding discussions that its U.K. counsel, the Denton firm, had with Mr. Weitzel prior to his deposition." (#75, p. 12.) Horizon contends that the notes Ms. Harper took during her pre-deposition discussion with Mr. Weitzel are "potentially revealing as to [Mr. Weitzel's] true motivations in some of his conduct before the U.S. Patent Office." (#75, pp. 12-13.) Horizon now seeks production of these notes on the grounds that Ripmax's waiver of privilege regarding their discussion applies to the notes as well.

Ripmax responds that the waiver of privilege did not extend to the production of Ms. Harper's notes under either U.K. or U.S. law. Ripmax also notes that Horizon did not provide any authority to support this argument.

Horizon's attempt to extend Ripmax's limited waiver of the attorney-client privilege to include access to Ms. Harper's notes is without merit. Because the work-product privilege is based on policies and purposes different from those which underly the attorney-client privilege, a defendant's waiver of the attorney-client privilege does not necessarily mean that work-product protection is lost. *Panter v. Marshall Field & Co.*, 80 F.R.D. 718, 725 (N.D. Ill. 1978) (citing *Handgards, Inc. v. Johnson & Johnson*, 413 F. Supp. 929, 929 (N.D. Cal. 1976)).

An attorney's work product prepared in anticipation of litigation or for trial is not discoverable unless the materials are otherwise discoverable under Rule 26(b)(1) and the party shows that "it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means." FED. R. CIV. P. 26(b)(3)(A). Horizon has not persuaded the Court that the pre-deposition notes satisfy this standard. Accordingly, the Court denies the motion to compel production of Ms. Harper's notes taken during the pre-deposition discussion she had with Mr. Weitzel.

### III.  Summary

For the reasons stated above, the Court **DENIES** Defendant's motion **(#75)** for the sanction of a negative inference and **DENIES** Defendant's motion **(#75)** to compel production of Ms. Harper's pre-deposition notes. In addition, the Court directs Ripmax to complete its response to requests for evidence related to the autotrim, autopilot, and receiver on a chip projects within seven days of the filing date of this Order.

ENTER this 30th day of September, 2008.

s/ DAVID G. BERNTHAL  
U.S. MAGISTRATE JUDGE
