**E-FILED**
Thursday, 18 December, 2008  04:23:45 PM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### URBANA DIVISION

| | |
|---|---|
| **RIPMAX LTD.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| **v.** ) | **Case No. 07-CV-2133** |
| ) | |
| **HORIZON HOBBY, INC.,** ) | |
| ) | |
| **Defendant.** ) | |

## OPINION

This case is before the court for ruling on the Motion for Clarification (#107) filed by Plaintiff, Ripmax Ltd.  This court has carefully reviewed Plaintiff's Motion (#107) and Memorandum in Support (#108), as well as the Opposition to the Motion (#111) filed by Defendant, Horizon Hobby, Inc.  Following this court's careful and thorough review, Plaintiff's Motion for Clarification (#107) is DENIED, in part, and GRANTED, in part.  In addition, Plaintiff's Motion for Leave to File a Reply Memorandum (#114) is DENIED.  Accordingly, Plaintiff's Reply Memorandum (#113) is hereby stricken.

## BACKGROUND

On October 7, 2008, this court entered an Opinion (#106) which granted, in part, and denied, in part, Defendant's Motion for Summary Judgment (#60).  This court carefully considered all of the arguments raised by the parties and all of the documents presented by the parties.  This court concluded that Defendant had shown that its products do not infringe the '128 patent, as properly construed, so that Defendant was entitled to summary judgment on the issue of infringement.  This court concluded, however, that genuine issues of material fact remained as to the issue of the validity of the '128 patent.

On October 23, 2008, Plaintiff filed a Motion for Clarification (#107) and a Memorandum

in Support (#108).  In its Motion, Plaintiff stated that it "would appreciate clarification of this Court's ruling, or in the alternative, reconsideration of this Court's ruling."  Plaintiff took issue with this court's construction of claim 1 of the '128 patent and the factual basis for this court's conclusion that Defendant's products do not infringe the '128 patent.  In addition, Plaintiff stated that "it appears that the Court may have intended to rule only on the issue of literal infringement, since no mention is made with regard to infringement under the doctrine of equivalents."  Specifically, Plaintiff asked this court to: (1) provide clarification to the court's Opinion as to the term "unique" as this term is used in claim 1 of the '128 patent; (2) provide clarification to the court's Opinion as to the scope of its non-infringement ruling since the court limited its ruling to no literal infringement; and (3) provide clarification to the court's Opinion to identify the material facts not in dispute that this court relied upon in forming its Opinion.  Plaintiff also requested clarification regarding whether Defendant's second summary judgment motion on the issue of non-infringement is now moot.

On November 10, 2008, Defendant filed its Opposition to Plaintiff's Motion for Clarification, Reconsideration and Extension of Time (#111).  Defendant argued that Plaintiff's Motion should be denied.  Defendant argued that Plaintiff had not shown that any clarification or reconsideration was necessary, but was instead attempting to reargue its rejected claim construction and raise a completely new argument based on a claim construction never previously argued by Plaintiff.

On November 20, 2008, Plaintiff filed a Reply Memorandum in Support of its Motion for Clarification (#113).  On November 21, 2008, Plaintiff filed a Motion for Leave to File a Reply Memorandum (#114).  Plaintiff stated that it inadvertently filed the Reply Memorandum (#113)

without leave of court.  Plaintiff stated that it was seeking leave to file its Reply Memorandum in order to rebut arguments made by Defendant in its Opposition.

On November 25, 2008, Defendant filed its Opposition to Plaintiff's Motion for Leave to File a Reply Memorandum (#117).  Defendant argued that the Local Rules are clear that such a reply is not permitted and also argued that Plaintiff did not provide an adequate explanation as to why a reply in support of its Motion is needed.

ANALYSIS

I.  MOTION FOR LEAVE TO FILE REPLY MEMORANDUM

Rule 7.1(B)(3) of the Local Rules of the Central District of Illinois provides that, as far as motions other than motions for summary judgment, "[n]o reply to the response is permitted."  This court concludes that Plaintiff's Motion and Defendant's Opposition adequately set out the issues and arguments in this case.  Accordingly, consistent with Local Rule 7.1(B)(3), Plaintiff's Motion for Leave to File a Reply Memorandum (#114) is DENIED.  Plaintiff's Reply Memorandum (#113) is hereby stricken.

II.  MOTION FOR CLARIFICATION

This court agrees with Defendant that Plaintiff has not shown that clarification or reconsideration of this court's ruling of non-infringement set out in its Opinion (#106) are necessary in this case.  This court carefully considered the arguments and evidence presented by the parties in ruling on Defendant's Motion for Summary Judgment (#60).  This court further concludes that it adequately and clearly set out the basis for its ruling in the 28-page Opinion (#106).  This court agrees with Defendant that Plaintiff, in its Motion, is seeking to reargue its rejected claim construction for the term "code unique to the receiver" and has also raised a completely new

3

argument, based on a claim construction never previously argued by Plaintiff.  This court further agrees with Defendant that this court's Opinion is, of course, silent on the issue of "doctrine of equivalents" infringement for the excellent reason that Plaintiff did not present this theory to the court in response to Defendant's Motion for Summary Judgment (#60).  This court agrees that Plaintiff could have argued this theory in response to Defendant's Motion seeking summary judgment on the issue of whether Defendant's products infringed the '128 patent.  Plaintiff failed to do so and has waived the argument.  See Computer Docking Station Corp. v. Dell, Inc., 2007 WL 5117465, at *9 (N.D. Ill. 2007), aff'd 519 F.3d 1366 (Fed. Cir. 2008); Mueller Sports Med., Inc. v. Beveridge Mktg., LLC, 369 F. Supp. 2d 1028, 1034 (W.D. Wis. 2005) (court construed the plaintiff's failure to develop an equivalence argument as waiver), aff'd 177 Fed. Appx. 84 (Fed. Cir. 2006); Kim v. Dawn Food Prods., Inc., 2004 WL 2658068, at *8 (N.D. Ill. 2004).

This court does conclude, however, that clarification is necessary regarding Defendant's second Motion for Summary Judgment on the issue of non-infringement (#101).  The United States Supreme Court has made it clear that a determination of non-infringement does not moot other issues, such as invalidity or unenforceability, raised in a patent case.  Cardinal Chem. Co. v. Morton Int'l, Inc., 508 U.S. 83, 100 (1993); see also Fort James Corp. v. Solo Cup Co., 412 F.3d 1340, 1348-49 (Fed. Cir. 2005).  The Supreme Court stated that its prior cases had identified "a strong public interest in the finality of judgments in patent litigation" and that the Court had "emphasized the importance to the public at large of resolving questions of patent validity." Cardinal Chem., 508 U.S. at 100.  This court recognizes that the cases cited do not address whether the court should decide an additional basis for finding non-infringement.  However, this court notes that Plaintiff has provided no reasoning and has cited no case law to support its request for a determination that

4

Defendant's second Motion for Summary Judgment on the issue of non-infringement is moot. Based upon the policy considerations set out by the Supreme Court, this court concludes that it should decide Defendant's second Motion (#101). This court notes that it did not address whether Defendant's Motion (#101) remained pending in its Opinion (#106). Therefore, this court hereby clarifies that Defendant's second Motion for Summary Judgment on the issue of non-infringement (#101) remains pending and will be decided by this court.

IT IS THEREFORE ORDERED THAT:

(1) Plaintiff's Motion for Leave to File a Reply Memorandum (#114) is DENIED. Plaintiff's Reply Memorandum (#113) is hereby stricken.

(2) Plaintiff's Motion for Clarification (#107) is DENIED, in part, and GRANTED, in part. The Motion is granted only to the extent that this court clarifies that Defendant's second Motion for Summary Judgment on the issue of non-infringement (#101) remains pending and will be decided by this court.

(3) In addition, Defendant's Motion for Summary Judgment on the issue of inequitable conduct (#103), filed under seal as a Memorandum in Support of Motion for Summary Judgment, remains pending.

(4) Defendant's Motion for Sanctions and Fees (#79) also remains pending.

(5) This case remains scheduled for a final pretrial conference on January 23, 2009, at 3:30 p.m., and a jury trial on February 2, 2009, at 9:00 a.m.

ENTERED this 18th day of December, 2008

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE

5