UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| **HORIZON HOBBY, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| v. | ) | Case No. 07-CV-2133 |
| | ) | |
| **RIPMAX LTD.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**OPINION**

This case is before the court for ruling on the Motion for Clarification on Proposed Jury Instruction 2.2.3 (#160) filed by Horizon Hobby, Inc. (Horizon). This court has carefully reviewed the arguments of the parties set out in Horizon's Second Motion for Summary Judgment of Noninfringement (#101), the Response filed by Ripmax Inc., under seal (#122) and Horizon's Reply (#130). Following this careful and thorough consideration, this court concludes that the phrase "periodically repeated time frame," included in claim 1 of the '128 patent is properly construed as meaning "control data is transmitted continuously in repeated frames without interruption."

This court concludes that this is the proper construction based upon the language included in the claim, the specification, and the prosecution history of the '128 patent. See <u>Vitronics Corp. v. Conceptronic, Inc.</u>, 90 F.3d 1576, 1582 (Fed. Cir. 1996) (the claims, specification, and prosecution history of a patent make up the "intrinsic evidence" to which a court should look first when construing claims); <u>see also</u> <u>Phillips v. AWH Corp.</u>, 415 F.3d 1303, 1317 (Fed. Cir. 2005) (the prosecution history provides evidence of how the PTO and the inventor understood the patent). This court specifically notes that, as part of the prosecution history of the '128 patent, Ripmax argued before the U.S. Patent Examiner that, in the model-application claimed, "the transmitter is switched on and continuously transmits control data in repeated frames" and that "signals on the same

channel, being continuous, must be avoided." This court further notes that this court's construction is entirely consistent with the opinion of Ripmax's expert, Dr. Kourosh Parsa, who stated that "the receiver identifying code and control data is sent at regular intervals on a continuous basis without interruption." This construction is also consistent with Ripmax's argument, included in its Memorandum in Opposition to Horizon's First Motion for Summary Judgment (#68), wherein Ripmax argued that the "claim term 'periodically repeated time frame' as used in the patent means that the receiver identifying code and control data is sent at regular intervals on a continuous basis without interruption" and also argued that the "control data must be continuously sent to and received by the on-board receiver so that the airplane's control devices can be continuously updated."

This court's construction will be included in Jury Instruction 2.2.3.

IT IS THEREFORE ORDERED THAT:

(1) Horizon's Motion for Clarification on Proposed Jury Instruction 2.2.3 (#160) is GRANTED.

(2) This court construes the phrase "periodically repeated time frame," included in claim 1 of the '128 patent, to mean "control data is transmitted continuously in repeated frames without interruption."

(3) This court's construction will be included in Jury Instruction 2.2.3.

ENTERED this 2nd day of June, 2009

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE