UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| **HORIZON HOBBY, INC.,** ) | |
| ) | |
| **Plaintiff (at trial),** ) | |
| v. ) | **Case No. 07-CV-2133** |
| ) | |
| **RIPMAX LTD.,** ) | |
| ) | |
| **Defendant (at trial).** ) | |

**OPINION**

This case is before the court for ruling on the Renewed Motion for Judgment as a Matter of Law (#181) filed by Ripmax Ltd. (Ripmax), and the Motion for Costs and Bill of Costs (#186) filed by Horizon Hobby, Inc. (Horizon Hobby). Following this court's careful and thorough review of all of the arguments and documents presented by the parties, Ripmax's Renewed Motion for Judgment as a Matter of Law (#181) is DENIED and Horizon Hobby's Motion for Costs and Bill of Costs (#186) is GRANTED in part and DENIED in part. Horizon Hobby is awarded costs in the total amount of $83,555.33.

BACKGROUND

A jury trial was held in this case on June 2, 2009, through June 5, 2009. During trial, Horizon Hobby presented evidence in support of its position that United States Patent No. 6,983,128 (the '128 patent) issued to Ripmax was invalid due to anticipation and due to obviousness. Ripmax presented evidence in support of its position that the '128 patent was valid. At the close of all the evidence, Ripmax filed a Motion for Judgment as a Matter of Law (#169) pursuant to Rule 50(a) of the Federal Rules of Civil Procedure. Horizon Hobby orally requested judgment as a matter of law under Rule 50(a). This court denied both motions, finding that the case should be allowed to proceed to the jury on the issues presented. This court noted that, in its 11 years as a federal judge,

it had never seen a jury with seven bachelor's degrees, most of which were bachelor's plus. This court noted that the jury consisted of two jurors with a high school education, one with a two-year associate's degree and the remaining seven with bachelor's plus degrees. This court had earlier noted that there was a well-educated jury to decide the case and that the members of the jury were taking notes and listening.

On June 5, 2009, the jury returned a verdict (#177). The jury found that Horizon Hobby had proven by clear and convincing evidence that claims 1 and 15 of the '128 patent are invalid due to anticipation in view of a German patent, Brendel DE 19502839 (DE '839). The jury also found that Horizon Hobby had proven by clear and convincing evidence that Claims 1, 2, 3, 4, 5, 6, 7, 8, 12, 14, and 15 of the '128 patent would have been obvious to a person of ordinary skill in the art at the time the invention was made. The jury indicated that it considered six prior art references in its evaluation of obviousness. These references were: DE '839; Brendel DE 19705502 (DE '502); Rosenhagen U.S. Patent No. 4,334,221 (the '221 patent); Gaishin U.S. Patent No. 4,177,426 (the '426 patent); Song U.S. Patent No. 5,499,388 (the '388 patent); and Futaba Drivelink 2000 Radio Remote Control System Model VSD-2001 Manual.

This court stated that it was in agreement with the jury that Horizon Hobby had proved by clear and convincing evidence that Claims 1 and 15 of the '128 patent are invalid due to anticipation in view of DE '839. This court therefore entered judgment on the jury's verdict as to Claims 1 and 15. This court also stated that it agreed that there was clear and convincing evidence to support the jury's finding that Claims 1, 2, 3, 4, 5, 6, 7, 8, 12, 14, and 15 of the '128 patent would have been obvious to a person of ordinary skill in the art at the time the invention was made in light of all of the references listed on the jury verdict. This court therefore entered judgment on the jury's verdict

as to these claims. Accordingly, this court found the '128 patent invalid. On June 8, 2009, a written Judgment (#178) was entered in favor of Horizon Hobby and against Ripmax.

## ANALYSIS

### I. RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW

On June 22, 2009, Ripmax filed a Renewed Motion for Judgment as a Matter of Law and Memorandum in Support (#181). Ripmax argued that it was entitled to judgment as a matter of law pursuant to Rule 50(a) because there was an insufficient evidentiary basis for a reasonable jury to find the claims of the '128 patent invalid on the grounds of anticipation or obviousness. Specifically, Ripmax argued that the evidence presented at trial made it clear that certain critical claim limitations of the '128 patent were not disclosed in DE '839. Ripmax also argued that there was an absence of clear and convincing evidence of a motivation to combine the prior art references which would support a conclusion of the obviousness of the claims of the '128 patent.

On July 9, 2009, Horizon Hobby filed a Memorandum in Opposition to Ripmax's Renewed Motion for Judgment as a Matter of Law (#188). Horizon Hobby argued that Ripmax's renewed motion failed to articulate any meaningful basis to discount the jury verdict in this case. Horizon Hobby argued that the verdict on anticipation was well supported by the evidence presented to the jury, including the testimony of the inventor of the '128 patent, Elliot Wright.[1] Horizon Hobby also argued that the jury verdict on obviousness rested on three potentially invalidating combinations of prior art, all of which were presented to the jury with clear evidence reflecting the motivation to combine. Horizon Hobby also argued that Ripmax did not come close to establishing a basis for

---

[1] A small portion of Wright's videotaped deposition was played for the jury. The excerpt played for the jury included Wright's testimony that, based upon his brief reading of the English translation of the DE '839 patent, he did not see anything that was particularly different from the '128 patent.

3

disturbing the jury's verdict. Horizon Hobby noted that the jury was educated, attentive, knowledgeable and engaged and deliberated thoughtfully for eight hours before reaching its decision.

Rule 50(a)(1) provides that judgment as a matter of law should be entered only if "the court finds that a reasonably jury would not have a legally sufficient evidentiary basis to find for the party on that issue." In the Seventh Circuit, judgment as a matter of law under Rule 50(a) is appropriate if reasonable persons could not find that the evidence justifies a decision for a party on an essential element of its claim. Deimer v. Cincinnati Sub-Zero Prods, Inc., 58 F.3d 341, 343 (7th Cir. 1995). The evidentiary record as a whole should be examined to determine whether there was sufficient evidence from which a reasonable jury could have returned its verdict. Marshall v. Teske, 284 F.3d 765, 770 (7th Cir. 2002). In making this determination, the court must view the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in its favor. See David v. Caterpillar, Inc., 324 F.3d 851, 858 (7th Cir. 2003).

This court was, of course, present during the jury trial in this case and has, in addition, reviewed the transcripts from the jury trial. Following this careful and thorough review, this court agrees with Horizon Hobby that the evidence presented at trial supports the jury's verdict. This court first notes, as it did at trial, that the jury in this case was well-educated, very attentive, and clearly capable of reaching a reasonable verdict. This court also notes that the testimony of Dr. Thomas Fuja, Horizon Hobby's expert witness, was clear, concise, and convincing and was made easier for the jury to comprehend by Horizon Hobby's use of diagrams and other explanatory graphics. Dr. Fuja provided a clear explanation of each patent discussed and which claims in the '128 patent were, in his opinion, included in the prior art and, therefore, anticipated or obvious. This

court further notes that the testimony of Ripmax's expert, Dr. Kourosh Parsa, was not as clear or as well explained and was, at times, defensive and less forthcoming than the testimony of Dr. Fuja. As a consequence, Dr. Parsa came across as less knowledgeable regarding the patents he was testifying about at trial.[2] This court concludes that a reasonable jury could certainly accept the testimony presented by Horizon Hobby, including the testimony of Dr. Fuja, over the testimony presented by Ripmax and reach the conclusion that Horizon Hobby had proven, by clear and convincing evidence, that the '128 patent was anticipated by DE '839 and was obvious based upon the listed prior art references.[3] This court reached the same conclusion as well.

---

[2] This court additionally notes that Horizon Hobby is correct that Ripmax's argument has relied, at least in part, not on Dr. Parsa's actual trial testimony but rather on Dr. Parsa's rebuttal report. Horizon Hobby has accurately pointed out that Dr. Parsa's expert rebuttal report was never mentioned during trial and was not sent to the jury room. Horizon Hobby has therefore persuasively argued that "on these allegedly key questions of anticipation and obviousness now presented in Ripmax's motion, the jury heard nothing from Ripmax's own expert."

[3] Ripmax argued that the jury verdict of anticipation cannot stand because the DE '839 patent did not disclose a "model." This court agrees with Horizon Hobby that it presented clear and convincing evidence that the '128 patent is invalid because claims 1 and 15 of the '128 patent were anticipated by the DE '839 patent. Therefore, the jury could, and did, reject Ripmax's argument that its patent was not anticipated by the DE '839 patent because the DE '839 patent did not relate to the remote control of models. Ripmax has also argued at length that the jury verdict of obviousness was not based upon sufficient evidence because there was insufficient evidence of a reason to combine the elements of the prior art. This court disagrees because Horizon Hobby presented evidence on this issue, including the testimony of Dr. Fuja, that the prior art was designed to solve the same problem, avoiding interference. This court agrees with Horizon Hobby that this common solution to a common issue provided strong evidence of a motivation to combine these references to solve the interference problem. This court further notes that this court gave the jury an instruction proposed by Ripmax, over Horizon Hobby's objection, which stated, in pertinent part, that "[i]t can be important to identify a reason that would have prompted a person of ordinary skill in the relevant field to combine the elements in the way the claimed new invention does." The instruction additionally stated that "[i]f you find that a reason existed at the time of the invention to combine the elements of the prior art to arrive at the claimed invention, this evidence would make it more likely that the claimed invention was obvious" and that "[i]f you do not find a reason to combine the elements of the prior art to arrive at the claimed invention, it is less likely that the claimed invention was obvious." This court concludes that the jury was properly instructed on this issue and that there was ample evidence to support the jury's verdict.

II.  MOTION FOR COSTS

On July 8, 2009, Horizon Hobby filed a Motion for Costs and Bill of Costs (#186).  Horizon Hobby also filed, under seal, the Declaration of Laura E. Krawczyk in Support of Horizon Hobby's Motion for Costs and Bill of Costs, with supporting exhibits (#187).  Horizon Hobby sought costs in the total amount of $150,604.39.

On July 22, 2009, Ripmax filed, under seal, its Objection to Horizon Hobby's Motion for Costs and Bill of Costs (#189), with attached supporting exhibits.  Ripmax does not dispute that Horizon Hobby is the prevailing party and has not argued that Horizon Hobby is not entitled to recover its costs in this case.  Instead, Ripmax has argued that Horizon Hobby is entitled to no more than $55,585.89 in recoverable costs.

Rule 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs–other than attorney's fees–should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). The Seventh Circuit has stated that there is, therefore, a presumption that the prevailing party will recover costs.  See Beamon v. Marshall & Ilsley Tr. Co., 411 F.3d 854, 864 (7th Cir. 2005).  However, in taxing costs, this court must consider whether the costs requested are recoverable and whether the amount requested is reasonable.  See Majeske v. City of Chicago, 218 F.3d 816, 824 (7th Cir. 2000).  Allowable costs in most cases are limited to the categories listed in 28 U.S.C. § 1920.  See Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441-42 (1987); Republic Tobacco Co. v. N. Atl. Trading Co., 481 F.3d 442, 447 (7th Cir. 2007).  Costs should generally be accepted so long as they fall into one of the categories of costs statutorily authorized for reimbursement.  Z Trim Holdings, Inc. v. Fiberstar, Inc., 2008 WL 3843507, at *2 (W.D. Wis. 2008).

A. COST OF TRANSCRIPTS

Horizon Hobby is seeking $32,076.03 in costs associated with deposition and trial transcripts, including videotaped depositions, pursuant to 28 U.S.C. § 1920(2). Horizon Hobby stated that $27,791.08 of the costs sought related to the depositions taken during the discovery period and the remaining $4,284,95 was the cost for obtaining the transcript of the trial in this case. Horizon Hobby attached, as exhibits, documentation in support of this request. Ripmax has not contested the $4,284.95 requested for trial transcripts, so this amount will be awarded to Horizon Hobby.

As far as the amounts requested for costs related to depositions, this court notes that the Seventh Circuit has interpreted 28 U.S.C. § 1920 to include deposition costs, including the costs of deposition transcripts. Cengr v. Fusibond Piping Sys., Inc., 135 F.3d 445, 454 (7th Cir. 1998); see also Nilssen v. Osram Sylvania, Inc., 2007 WL 257711, at *2 (N.D. Ill. 2007). To award these costs under Rule 54(d), the district court must determine that the costs are reasonable and were necessary to the litigation. See Cengr, 135 F.3d at 454. However, "transcripts need not be absolutely indispensable in order to provide the basis of an award of costs; it is enough that they are 'reasonably necessary.'" Nilssen, 2007 WL 257711, at *2, quoting Barber v. Ruth, 7 F.3d 636, 645 (7th Cir. 1993).

Ripmax argues that the depositions of Michael Epstein and David Weitzel were solely relevant to the issue of alleged inequitable conduct. This court granted summary judgment to Ripmax on Horizon Hobby's inequitable conduct claim. Ripmax therefore argues that the costs of these two depositions, totaling $2,282.28, should not be taxed against it. This court agrees with Ripmax that it should not be required to pay for depositions solely related to a claim on which

Horizon Hobby did not prevail.

Ripmax also argues that costs associated with "realtime" during the depositions of Colin Straus and Nicholas Moss in the amount of $968.00 was not necessary and should not be awarded to Horizon Hobby. This court agrees with Ripmax that Horizon Hobby has not shown that the "realtime" costs included in the invoices for the depositions of Straus and Moss were necessary in this litigation. See Giles v. Wyeth, Inc., 2007 WL 2908894, at *2 (S.D. Ill. 2007); see also DeKalb Genetics Corp. v. Pioneer Hi-Bred Int'l, Inc., 2002 WL 1969666, at *3 (N.D. Ill. 2002).

Ripmax also argues that the costs for videotaping five of the video depositions were not necessary and are not recoverable. This court disagrees. In Little v. Mitsubishi Motors N. Am., Inc., 514 F.3d 699, 702 (7th Cir. 2007), the Seventh Circuit determined that the costs of both video-recording and stenographic transcription of depositions may be taxed to the losing party if the costs are shown to be necessary. In this case, Horizon Hobby has argued that the video recordings were necessary because many of the deponents were residents of the United Kingdom and could not be compelled to testify at trial. Horizon Hobby argued that, to preserve the record and protect its rights, it videotaped the depositions of the inventor, Ripmax's representatives, employees, former employees, and expert witnesses in order to ensure that the jury would be able to observe the witnesses' demeanor in answering questions. Even though not all of the videotaped depositions were actually used at trial, this court concludes that Horizon Hobby has adequately shown that the costs of video-recording were necessary in this case and should be taxed against Ripmax. See Little, 514 F.3d at 701-02; Barber, 7 F.3d at 645.

For all of the reasons stated, this court reduces the amount requested for costs associated with depositions by a total of $3,250.28. The court therefore awards Horizon Hobby $24,540.80 for its

costs related to depositions and $4,284.95 for trial transcripts for a total of $28,825.75 in this category.

## B. FEES FOR EXEMPLIFICATION AND COPIES

Horizon Hobby has requested $57,634.00 in costs for copying and exemplification of documents necessarily obtained for use in this case pursuant to 28 U.S.C. § 1920(4). This amount includes $27,138.82 in copying costs, $6,618.06 for costs paid to vendors for assistance "in document production, management and processing of trial exhibits on multiple occasions," and $23,877.12 in costs for trial demonstratives and exhibits, which includes $3,462.90 for translation costs for documents, including the German patents, DE '839 and DE '502. In support of its request for $57,634.00, Horizon Hobby has provided copies of invoices and billing records along with a summary itemization of fees relating to trial demonstratives and exhibits.

Section 1920(4) allows recovery of fees for "exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." To award these costs under Rule 54(d), the district court must determine that the costs are reasonable and were necessary to the litigation. See Cengr, 135 F.3d at 454. Included in the category of costs considered reasonably necessary for use in the case are copies attributable to discovery. Thomas v. Guardsmark, Inc., 2005 WL 2405823, at *3 (N.D. Ill. 2005). However, "[c]opies made by a party merely for the party's 'convenience of counsel' are not recoverable." Gizaw v. Ill. Dep't of Public Aid, 2004 WL 1403773, at *1 (N.D. Ill. 2004), quoting Ochana v. Flores, 206 F. Supp. 2d 941, 946 (N.D. Ill. 2002). The burden is on the party seeking recovery to prove that photocopied items were necessary. Gizaw, 2004 WL 1403773, at *2.

Ripmax first argues that the $27,138.82 requested for copying costs is unsupported by any

9

evidence that such prodigious copying was necessary for use in this case. Ripmax pointed out that the requested amount includes $26,588.82 for photocopying and $550.00 for rental of a photocopier during trial. Ripmax noted that, at the stated rate of $0.12 per page, $26,588.82 in photocopying amounts to over 221,000 pages. Ripmax argues that this number is staggeringly high considering that the total number of documents produced by all parties involved in this case was around 18,000. Ripmax argued that Horizon Hobby did not present any justification as to how 221,000 photocopies were necessary and did not present a description of any of the photocopies made. Ripmax pointed out that the Seventh Circuit has stated that two copies of the papers generated during a case could reasonably be deemed necessary. See Kulumani v. Blue Cross Blue Shield Ass'n, 224 F.3d 681, 685 (7th Cir. 2000). Ripmax suggested that a reasonable estimation of the number of photocopies truly necessary for use by Horizon Hobby in this case would be: (1) two copies of all discovery documents produced in the case, approximately 36,000 pages; (2) two copies of pleadings, motions and exhibits filed in this case, approximately 8,200 pages; (3) two copies of Ripmax's trial exhibits, approximately 8,200 pages; and (4) two copies of Horizon Hobby's trial exhibits, approximately 4,100 pages. Ripmax noted that this reasonable estimation resulted in a total number of copies of 56,500. The total cost of these copies at $0.12 per page would be $6,780.00.

      This court agrees with Ripmax. Horizon Hobby has provided this court with pages and pages of documentation but has not presented an adequate explanation regarding how all of the costs for photocopies it is seeking were necessary and reasonable. Horizon Hobby has stated that its copy costs include the costs for "documents used during discovery, depositions, motions, briefing, and pre-trial and trial proceedings" but does not show any reason why 221,000 copies could have possibly been necessary in this case. This court concludes that most of the copies were likely made

for the convenience of Horizon Hobby's multiple attorneys and that Horizon Hobby has not met its burden to show that the costs for these copies were necessary in this litigation. See Gisaw, 2004 WL 1403773, at *1-2; see also Bus. Sys. Eng'g, Inc. v. Int'l Bus. Machs., 249 F.R.D. 313, 315 (N.D. Ill. 2008) (additional copies made for use of party's attorneys would not be recoverable based on Haroco v. Am. Nat'l Bank & Tr. of Chicago, 38 F.3d 1429, 1441 (7th Cir. 1994)). This court accepts Ripmax's reasonable estimation of the number of copies truly necessary for use by Horizon Hobby in this case and awards a total of $6,780.00 for copying costs.

Ripmax also objects to Horizon Hobby's request for $6,681.06 for costs associated with electronic document management. Ripmax noted that Horizon Hobby described these costs as associated with "litigation support vendors who assisted in electronic production and management of documents during discovery and trial." Ripmax argued that the amounts sought appear to relate to digitizing and creating OCR for case documents and are not recoverable by Horizon Hobby if it is also recovering its costs for making hard copies of the case documents. Ripmax argued, persuasively, that it is hard to understand why Horizon Hobby should be compensated for thousands of hard copies of case documents and the creation of digital versions of these documents. This court agrees with Ripmax that, because Horizon Hobby has requested, and been awarded, costs associated with hard copies of documents, it has not met its burden to show that it should be allowed to also recover costs related to electronic copies of documents. See Bus. Sys. Eng'g, Inc., 249 F.R.D. at 315-16 (costs for electronic copies of documents are recoverable where they are a substitute for hard copies).

Ripmax has also argued that Horizon Hobby should not be allowed to recover its costs for translations of documents, including the German patents. Horizon Hobby argued that these costs

11

are recoverable because it was necessary for Horizon Hobby to translate the patents to determine their specific teachings. Horizon Hobby pointed out that the translations of DE '839 and DE '502 were admitted into evidence at trial and were discussed extensively in presenting the case to the jury. This court first notes that, while Horizon Hobby has persuasively argued that these costs were necessary, the costs for translation do not seem to fit under 28 U.S.C. § 1920(4) which allows recovery of "[f]ees for exemplification and the costs of making copies." This court therefore concludes that these costs cannot be recovered under 28 U.S.C. § 1920(4).

Ripmax has argued that the translation costs sought cannot be recovered under the holding of Extra Equipamentos E Exportacao Ltda. v. Case Corp., 541 F.3d 719, 727-28 (7th Cir. 2008). In Extra Equipamentos, the Seventh Circuit held that the district court should not have awarded almost $76,000 in translation fees to the prevailing party. The Seventh Circuit determined that translation fees of written documents were not recoverable under 28 U.S.C. § 1920(6), which allows recovery of "[c]ompensation of court appointed experts [and] compensation of interpreters." The court stated:

> The specificity of section 1920(6), and the character of section 1920 as a whole, makes us reluctant to interpret "interpreters" loosely to include translators of written documents, in this case the exhibits presented by Case at depositions and in support of its motion for summary judgment, and also the exhibits on its list of proposed trial exhibits. An interpreter is normally understood as a person who translates living speech from one language to another. He is a type of translator, . . . but the translator of a document is not referred to as an interpreter.

Extra Equipamentos, 541 F.3d at 727. The court went on to state that, in section 1920:

> [t]he items allowable as costs are a hodgepodge. There is no purposive explanation for why some items are in and others out. To include translation fees would simply complicate the process of awarding court costs.

Based upon the Seventh Circuit's decision in Extra Equipamentos, this court concludes that it cannot award costs for translation of documents. This court notes that the case Horizon Hobby has cited in support of its request, Ortho-McNeil Pharm., Inc. v. Mylan Labs., Inc., 569 F.3d 1353, 1356 (Fed. Cir. 2009), is a decision of the Federal Circuit applying Fourth Circuit law. The parties are in agreement that Seventh Circuit law controls the issue of the costs to be awarded. Therefore, based upon the controlling decision of the Seventh Circuit, the $3,462.90 requested for translation of documents cannot be allowed.

Ripmax has also argued that Horizon Hobby should not be allowed to recover the $20,414.22 it has requested for trial demonstratives and exhibits. Horizon Hobby has argued that it is seeking the recovery of costs incurred in preparing non-testimonial evidence such as its trial demonstratives, including those used in its multi-media presentation to the jury. Horizon Hobby contends that these costs were necessary for presenting the information to the jury in light of the complex nature of the technology involved in this case. It argues that there is no question that demonstrative exhibits were important in helping the jury to understand the technology and issues presented in this case.

The Seventh Circuit has stated that "exemplification" must be read broadly to include "a wide variety of exhibits and demonstrative aids" which includes standard charts and graphs as well as high-end "computer-based, multi-media displays." Cefalu v. Vill. of Elk Grove, 211 F.3d 416,

427-28 (7th Cir. 2000); Z Trim Holdings, Inc., 2008 WL 3843507, at *1. The cost of preparing the exhibits may be recovered. Z Trim Holdings, Inc., 2008 WL 3823507, at *1, citing Cefalu, 211 F.3d at 427, n.5.

Ripmax argues that the costs requested by Horizon Hobby should not be allowed because Horizon Hobby's demonstratives were explanatory of expert testimony and were "extremely argumentative." Ripmax argues that Cefalu "does not and cannot read exemplification so broadly as to encompass trial demonstratives that are simply distillations of expert testimony and attorney argument." Ripmax asks that it not be required to bear the cost of these argumentative materials, particularly given their extravagant costs of over $20,000.00.

As this court has already noted in this Opinion, the testimony of Dr. Fuja was made easier for the jury to comprehend by Horizon Hobby's use of diagrams and other explanatory graphics. This court does not agree with Ripmax that the demonstrative aids were "argumentative." Instead, this court concludes that Horizon Hobby's demonstrative aids were well done and extremely helpful for the jury. This court therefore concludes that Horizon Hobby is entitled to recover the full documented cost of producing the demonstratives and exhibits in the amount of $20,414.22.

## C.  WITNESS FEES

Horizon Hobby is also seeking witness fees pursuant to 28 U.S.C. § 1920(3) in the total amount of $5,977.79. This court agrees with Ripmax that this amount should be reduced to $3,942.78. Horizon Hobby did not provide a receipt for Michael Tate's travel expenses, so they have been disallowed. In addition, this court agrees with Ripmax that Horizon Hobby can only recover the expenses for a one-night stay for Dr. Thomas Fuja. Ripmax has very persuasively argued that it should not be charged for Dr. Fuja's stay of three nights in New York City for a single-

day deposition that took place in Connecticut.

### D.  FEES OF THE CLERK

Horizon Hobby has requested $1,125.00 for fees paid to the clerk under 28 U.S.C. § 1920(1). The amount requested consists of attorney admission fees in the amount of $185.00 each for six attorneys and a $15.00 fee for a certificate of good standing from the Northern District of Illinois. Ripmax argues that Horizon Hobby should recover only $570.00 consisting of admission fees for three attorneys and the $15.00 fee for a certificate of good standing.  This court agrees with Ripmax. Horizon Hobby did not include any documentation regarding which attorneys were covered by the attorney admission fees and Ripmax is correct that it appears that only three attorneys, James Bollinger, Timothy Heaton and Laura Krawczyk, were admitted to practice for purposes of this case and trial.

### E.  FEES OF COURT APPOINTED EXPERTS

Horizon Hobby has requested $11,373.02 pursuant to 28 U.S.C. § 1920(6).  Section 1920(6) allows recovery of fees paid to a court appointed expert.  Horizon Hobby is seeking recovery of the fees paid to the United Kingdom Examiner, Gillian Keene, in connection with the Hague Convention depositions.  Horizon Hobby stated that some depositions had be to taken in England because Wright, the inventor of the '128 patent, could not be deposed in New York.  Horizon Hobby proceeded through the Hague Convention to obtain Wright's testimony since he was beyond the subpoena power of this court.  The Hague Convention requires a special court-appointed Examiner to preside over the depositions and to make determinations regarding any disputes that arise. Therefore, Ms. Keene, who has specialized skill in these matters, was present at all of the deposition proceedings.  Horizon Hobby argued that the presiding Examiner provided a benefit and protection

15

to Ripmax because the Examiner narrowed the scope of discovery under U.K. law. Horizon Hobby argued that Ripmax should bear these costs because the Examiner was there for its protection.

Ripmax has not contested this request and this court concludes that these costs should be allowed.

### F. ADDITIONAL RECOVERABLE COSTS

Horizon Hobby has also requested two categories of costs not covered by 28 U.S.C. § 1920. Horizon Hobby has requested $27,211.56 for costs associated with the depositions of its expert witnesses, Dr. Fuja and Michael Tate. Horizon Hobby has requested these costs pursuant to Rule 26(b)(4)(C) of the Federal Rules of Civil Procedure. Ripmax has not disputed that Horizon Hobby is entitled to recover costs associated with the depositions of its experts, but noted that, in order to be recoverable, the expert's fees must be reasonable. See Gwin v. Am. River Transp. Co. 482 F.3d 969, 975 (7th Cir. 2007). Ripmax argued that the $19,086.56 requested related to the deposition of Michael Tate, Horizon Hobby's damages expert, is not reasonable. Ripmax noted that Tate did not testify at trial and further argued that $15,562.00 is an unreasonable amount to charge for deposition preparation for a deposition that lasted around four and one quarter hours. Ripmax requested that none of the expenses associated with Tate's deposition be taxed. Ripmax alternatively requested that, given the paucity of support for Tate's exceedingly large bill for preparation, that $15,562 be stricken as unreasonable and completely unsupported.

This court cannot agree with Ripmax that none of the expenses associated with Tate's deposition should be awarded. However, this court agrees that the $15,562 requested for Tate's deposition preparation is unsupported and unreasonable and should not be allowed. Accordingly, this court has subtracted $15,562.00 from the $27,211.56 requested and will award a total of

$11,649.56 for expert deposition costs under Rule 26(b)(4)(C).

Horizon Hobby has also requested a total of $15,206.99 for expenses related to the Hague Convention depositions taken in the U.K. Horizon Hobby argued that these expenses, while not included in 28 U.S.C. § 1920, should be awarded because it "was forced to proceed through the Hague Convention" due to Ripmax's conduct in this case. This court agrees with Ripmax that this argument has already been rejected.

On August 14, 2008, Horizon Hobby filed a Motion for Sanctions and Fees (#79). One of Horizon Hobby's requests was for sanctions based upon its argument that Ripmax's conduct forced Horizon Hobby to engage in expensive proceedings in the U.K. On March 10, 2009, Magistrate Judge David G. Bernthal entered an Order (#144) denying Horizon Hobby's Motion. Judge Bernthal noted the conflicting arguments presented by both parties. He then stated that "[e]ach side submits significant argument backed by exhibits in support of the respective claims of misconduct, proving, if nothing else, that a trans-Atlantic dispute between business entities can be as ugly as a divorce or boundary-line dispute." Judge Bernthal stated that he was left with the conclusion that Horizon Hobby has not met its burden of persuasion and denied sanctions.

This court sees no need to now award the same costs which were previously denied. Therefore, Horizon Hobby's request for $15,206.99 for expenses related to the Hague Convention depositions will not be allowed.

## G. CONCLUSION

For all of the reasons stated, this court awards a total of $83,555.33 in costs as follows: (1) $28,825.75 for transcripts; (2) $27,194.22 for exemplification and copies; (3) $3,942.78 for witness fees; (4) $570.00 for clerk fees; (5) $11,373.02 for the court-appointed Hague Convention expert;

and (6) $11,649.56 for expert deposition costs.

       IT IS THEREFORE ORDERED THAT:

       (1) Ripmax's Renewed Motion for Judgment as a Matter of Law (#181) is DENIED.

       (2) Horizon Hobby's Motion for Costs and Bill of Costs (#188) is GRANTED in part and DENIED in part.  Costs are awarded to Horizon Hobby in the total amount of $83,555.33.

       ENTERED this 15th day of October, 2009

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE